# CHARLESTON.

## SMITH v. McCUNE.

### Submitted April 25, 1916.   Decided May 2, 1916.

REFORMATION OF INSTRUMENTS—*Pleading—Bill.*

A bill by a grantee to correct an alleged mistake in a deed, respecting the amount of consideration to be paid for land, recited in the deed to be paid as follows, so much thereof in cash and the balance to be applied in discharge of an existing lien on the land, the amount of which is stated, averring that $115 of the purchase price had previously been paid and, because of a mutual mistake, was lost sight of when the deed was prepared, and that the grantee has discharged all of the lien except .$115, with its accrued interest, and thereby has actually paid the full consideration, and praying also for general relief, is good on demurrer.

Appeal from Circuit Court, Harrison County.

Bill in equity by Jessie B. Smith against Ada M. McCune and others. From a decree for defendants, plaintiff appeals.

*Reversed, demurrer overruled, and cause remanded.*

*Smith & Jackson,* for appellant.

*Taney Harrison,* for appellees.

WILLIAMS, PRESIDENT:

Jessie B. Smith filed her bill in equity against Ada M. Mc-Cune and Thomas W. Harrison at December Rules, 1908, averring that, in 1896, said Harrison had conveyed to Mrs. Ada M. McCune a lot of ground in Broad Oaks, a suburb of Clarksburg, retaining a vendor's lien, the amount of which on the 25th of June, 1901, was $272.06; that on the last mentioned date Mrs. McCune, her husband joining, conveyed to plaintiff the northern portion of said lot, in consideration of $1,000, stipulated in the deed to be paid as follows: $727.94 in cash, paid to the grantor, and $272.06, to be paid to said Harrison in discharge of his lien; that plaintiff's agent, Ross F. Stout, negotiated the purchase for her; that $115 of the $1,000 was actually paid before the deed was executed, but was overlooked by plaintiff's husband who prepared the deed; that the recital in the deed that $1,000 was to be paid, in the manner therein stated, was a mutual mistake of the parties, or was a mistake on the part of plaintiff and a fraud on the part of Mrs. McCune; that plaintiff has paid said Harrison all of his lien except $115 with its interest, and did not discover the mistake until she went to pay off that lien, and that, as soon as the mistake was discovered, plaintiff's husband promptly explained it to Mrs. McCune, who did not deny it, but claimed to be not then financially able to discharge the balance of the lien. She prays that the mistake in the deed be corrected, and that Mrs. McCune be required to discharge the lien, and for general relief. The court sustained a demurrer to her bill, on the ground that she had an adequate remedy at law, and dismissed her suit, but without prejudice to her right to maintain an action at law, and she has appealed.

The decree is erroneous. Plaintiff could have no right to sue at law until she actually paid off the Harrison lien, the thing she bound herself to do by accepting the deed. According to the averments of the bill, which on demurrer are taken as true, there is a mistake in the deed respecting the amount plaintiff actually agreed to pay for the lot. She has already paid to Mrs. McCune in cash and on the lien in favor of Harrison the full consideration, and still a part of the lien which she mistakenly agreed to discharge exists and is a lien on her land. If plaintiff's averments are true, equity requires that Mrs. McCune discharge it. As the matter now stands, plaintiff could not maintain an action at law, for the reason that she is bound by the recital in the deed, unless and until corrected. Equity alone has power to do that. Plaintiff has paid the exact amount she agreed to pay for the land. There yet remains unpaid $115 of the Harrison lien, with its interest, which plaintiff would have to pay before she could have any right of action whatever in a court of law. Equity will certainly not require her to pay out money which she does not actually owe, in order to have a right of action at law, and then relegate her to that forum to recover it back. Moreover, she would there be confronted with her agreement, which she alleges was the result of a mutual mistake.

The decree will be reversed, the demurrer overruled and the cause remanded for further proceedings.

*Reversed, demurrer overruled, Cause remanded.*